THE STATE *vs.* GARRET G. ACKERSON, CLERK OF BERGEN.

1. If a person in custody of the sheriff escape, or suffer himself to be rescued, he will be guilty of a contempt of court, and while in such contempt has no standing in the court whose process he resists, and is not entitled to be relieved by that court.

2. The sheriff's return is conclusive evidence of the escape, and the defend-

ant may be punished for contempt without the usual examination on interrogatories, as no denial on such interrogatories will excuse him. If the sheriff's return is false, the defendant's remedy is against him for a false return.

On *certiorari* directed to the clerk of the Circuit Court of the County of Bergen, to bring up an order for bail, made by a commissioner of this court, and the affidavits on which it was founded.

Argued before Justices ELMER and HAINES; *I. W. Scudder*, for plaintiff in *certiorari*, *Paulison*, for defendant.

HAINES, J. The *certiorari* in this case was directed to the clerk of the Circuit Court of the County of Bergen, to bring up an order for bail, made by a commissioner of the Supreme Court, and the affidavits on which it was founded, by virtue of which Thomas H. Dunn, the prosecutor, was arrested, at the suit of John B. Murray, on a *capias* issued out of the Circuit Court of the County of Bergen, returnable to the September term, 1854, of that court.

In answer to the writ of *certiorari*, the clerk has sent up copies of the affidavits and of the order for bail, and also of the writ issued thereon, and the return of the sheriff thereto.

By these, it appears that the defendant, Thomas H. Dunn, was arrested by the sheriff, and immediately after such arrest, and before he could be taken to jail, was forcibly rescued from his custody by one Ellen Dunn, and escaped.

A motion was made in this court, on behalf of the defendant, to set aside the order for bail, on the ground of the insufficiency of the proof on which it was made.

A preliminary question arises, whether the defendant, having suffered himself to be rescued, and having escaped from the custody of the sheriff, has a right to be heard on this motion.

A rescue is deemed an offence of such a nature that, whenever the sheriff makes return of any one having been guilty of it, the court will grant an attachment against such person in the first instance (1 *Sellon's Pr.* 134), and will proceed to punish him, without going through the ordinary course of his being examined on interrogatories, as no denial on such interrogatories will excuse him. *Rex* v. *Elkins,* 4 *Burr.* 2129. The return of the sheriff is of itself a conviction of the rescue. It is conclusive evidence of the fact, and if it be false the remedy is against the sheriff for a false return. 1 *Sel. Pr.* 134; 1 *Arch. Pr.* 78-9; 1 *Phil. Ev.* 312.

The same rules will apply to a defendant who participates in the rescue, and escapes from the custody of the sheriff; he is guilty of a contempt of court, and may be punished for such contempt, and he is also indictable for the offence. While in such contempt he has no standing in the court whose process he resists and whose authority he contemns, and is not entitled to be relieved by that court; and this court will not interfere in a case where that court ought, and would not.

If the defendant wished to test the validity of the order for bail, he should have submitted to the arrest, and gone into custody or given bail to the sheriff, and then sought relief, either in the court out of which the process issued or in this court.

But now, being in contempt of the court below, we cannot look into the merits of the order, or of the proofs on which it is founded.

Let the writ of *certiorari* be dismissed with costs.

ELMER, J., concurred.