HENRIETTA A. McCLUNG

*v.*

CHARLES A. McCLUNG.

A defendant discharged from imprisonment for contempt in disobeying an order, although he had not cleared his contempt, the chancellor being of opinion that the authority of the court had been vindicated in the imprisonment which the defendant had undergone.

Bill for divorce from bed and board for extreme cruelty. On motion to discharge defendant from custody for contempt.

*Mr. A. Hugg,* for the motion.

*Mr. S. H. Grey,* for the complainant.

THE CHANCELLOR.

By order made on the 15th of April, 1879, the defendant was

McClung *v.* McClung.

adjudged to be in contempt of this court, and it was ordered that for his contempt he be committed to the jail of Camden county. The contempt was his refusal to obey an order in this suit requiring him to pay alimony *pendente lite* at the rate of $10 a week. He was in default in the payment for many months. He had in fact paid nothing from August 1st, 1878. The order for the commitment was made on due notice and a full hearing. He now asks to be released from his confinement. He has not paid the alimony for non-payment whereof. he was adjudged to be in contempt, nor anything on account of it, and he has paid nothing for the support of his wife and children since the 1st of August, 1878. He does not appear to have made any effort to pay anything. He has had property out of which he could have paid the alimony. After he was committed he conveyed to his mother valuable real estate, consisting of houses and lots in Philadelphia which he inherited from his father, and he appears also to have conveyed to her land in Camden belonging to him. When he was committed he owned a right for his life to the rents of two other houses and lots in Philadelphia, which he had previously conveyed to two of his children, subject to that right. He appears to have deliberately made the conveyance to his mother, and for no valuable consideration; and it seems quite evident that he made it to defeat the order for alimony. There is no evidence that he could recover the property from his mother, if he were required to do so as terms of his release. He He has not cleared his contempt, but I think the authority of the court which he set at naught has been vindicated in the imprisonment which he has undergone. I will therefore discharge him on his transferring to a receiver the right to rents before mentioned, in order that those rents may be applied under the order of this court to the payment of alimony ordered or to be ordered in this suit, or other payments which he may be required to make in this cause; and he will be required to pay the costs of the order of commitment, and also a fine of $5 to the clerk of this court for the use of the state, according to the provisions of the statute. *Rev. 124 § 103.*