ANNA KRAH JANSCH, petitioner,

*v.*

ERNEST JANSCH, defendant.

[Decided June 23d, 1923.]

A petitioner in a divorce suit may proceed with her case though the defendant is in contempt of this court, but if the defendant is not in court, or represented by counsel, counsel should be assigned him.

On final hearing.

*Miss Bessie E. Snyder* (*Mr. Frank Bradner,* of counsel), for the petitioner.

*Mr. Harry Casllebaum,* for the defendant.

CHURCH, V. C.

This is a suit for divorce from bed and board on the ground of extreme cruelty. The cause came on for final hearing on May 29th, 1923. At the same time an order to show cause why the defendant should not be adjudged in contempt for not paying alimony *pendente lite* and counsel fee came before me. I heard the application, adjudged the defendant in contempt, and committed him to the Essex county jail, there to remain until he had purged himself.

Counsel for petitioner desired to proceed with the final hearing, notwithstanding my adjudication that the defendant was in contempt. I reserved decision as to whether the court of chancery will hear a divorce proceeding when either party is in contempt. There can be no doubt that if the petitioner had been in contempt, this court would not have heard the case. *Dan. Ch. Pr.* *505, states the rule to be: "That a party in contempt cannot move until he has cleared his contempt, and that the rule is confined to cases where such party

comes forward voluntarily and asks for an indulgence." There does not seem to be any reported case in this state which considers the question involved here. The defendant's contempt in this case is civil and the proceeding is a remedial step in the cause between the parties. His present imprisonment is only intended to require him to perform an act beneficial to the other party. I believe that if this case were adjourned simply because the defendant refused to obey the order of the court, it would work an injustice on the petitioner. The defendant was indicted by the grand jury of Essex county for atrocious assault and battery on his wife, was tried and convicted, and sentence was postponed until I had disposed of the matter before me. I, therefore, decided to hear the case, directed the sheriff of the county of Essex to produce the defendant in court, and assigned counsel to defendant, and granted the application of the petitioner for separate maintenance. As to how long I should confine the defendant in jail because he refuses point blank to obey my order for temporary alimony and counsel fees, I have decided as follows: That inasmuch as the Essex court of quarter sessions is to sentence him on the conviction for atrocious assault and battery, I will suspend my order that he be kept in jail on the contempt proceedings so that the Essex court of quarter sessions may proceed in the criminal case.

I felt that this court should proceed with the hearing of the cause, although the defendant was in contempt, but that the defendant had a right to be heard, which I granted by assigning counsel. Chancellor Williamson, in the case of *Endicott* v. *Mathis, 9 N. J. Eq. 110,* says: "As this is a matter so entirely in the discretion of the court, where the court is simply vindicating its own dignity, it would seem that each case as it arises must depend very much upon its own peculiar circumstances."

I, therefore, think that the rule should be stated in this way: When a petitioner is in contempt he cannot move his case without purging himself. When a defendant is in contempt the petitioner can move the case against the defendant,

although he is in contempt, if the defendant is in court, or is properly represented by counsel, and if he is not represented by counsel, the court can assign counsel in order that the matter may proceed and the case be determined, so that defendant may not delay any adjudication in favor of the petitioner merely by refusing to obey the order of the court.

Let an order be drawn granting the petitioner's prayer for a divorce from bed and board on the ground of extreme cruelty, together with an order suspending the sentence heretofore made by this court in the contempt proceeding.