This is a suit brought by a wife to set aside as fraudulent against her certain transactions between the defendants, one of whom, Albert Baskinger, is the husband. These transactions involved a chattel mortgage upon a store formerly owned by the husband and his brother, George Baskinger, another one of the defendants, and the sale of this store by the husband to Dahrea, the third defendant, and the subsequent purchase of this store from Dahrea by George Baskinger. During this period George Baskinger operated another store, ostensibly under his own sole ownership, but under a name almost identical with that of the store in which he and his brother had at one time concededly been partners. It is the theory of complainant that these transactions were all part of a plan between the three defendants to strip the husband of all apparent interest, so as to make it impossible for complainant to obtain support from her husband. The relief sought is that the brothers be declared to be partners, that a lien be imposed upon the interest of the husband in the partnership assets for the amount of alimony now due in an order entered herein in a maintenance suit in this court, and that the rights of the wife for future alimony be assured from the husband's interest by means of a receivership or otherwise.
The circumstances under which the case arises are as follows: Complainant and Albert Baskinger were married in 1934, and the husband deserted his wife on four separate occasions, the last desertion having occurred in June, 1939. Based on this last desertion she brought a suit for maintenance and obtained an order from the advisory master directing the husband to pay her alimony pendente lite in the sum of $15 a week. No final decree was entered, the advisory master holding that he could not make such a decree fixing permanent alimony since it had not been shown that the husband, who at that time claimed to have no interest in the business, had any assets or income. An attempt was made before the advisory master to obtain the relief now asked for in this suit, but the advisory master declined to take jurisdiction of the determination of the questions involved. It may be noted at this point that the present suit was started in January, *Page 226 
1940, and that it was not until June, 1940, that the present Chancery rule 20 was amended so as to give express authority to an advisory master to make determination such as that sought here, as part of a suit for divorce or maintenance.
Under the provisions of the Revised Statutes 2:29-57, an order of the Court of Chancery for the payment of money has the force, operation and effect of a judgment at law in the Supreme Court. At the time the present suit was instituted, there was due and owing under the order for alimony pendente lite the sum of $500, and there has since accrued approximately another $400 for unpaid alimony, costs and counsel fees. Complainant is, therefore, a creditor entitled to bring a suit to set aside fraudulent conveyances.
The only question remaining, therefore, is one fact as to whether these defendants executed the transactions complained of under the cloak of legality for the purpose of enabling the husband to avoid the responsibility as a husband. In my opinion, the evidence conclusively shows that such was the purpose of the actions of defendants. Long prior to the acts complained of, the husband had repeatedly deserted his wife and rendered her helpless and penniless, and he resisted to the utmost of his power any effort on her part to obtain support from him. At one time, complainant's mother was compelled to support her for a considerable period and to sue the husband for the cost of such support. Another time complainant was forced to bring criminal proceedings for nonsupport against her husband. At all times the husband displayed a disregard for his wife's welfare and for his obligation towards her. It is, therefore, a reasonable inference, and in my opinion, a necessary conclusion, that the husband deliberately planned to desert his wife again as soon as he had rendered himself judgment-proof, and that the transactions complained of were all done in pursuance of this plan and with the connivance of his brother and his friend, the other defendant, Dahrea. The husband deserted the wife as early as May, 1935, again in February, 1936, and July, 1937. He returned to live with her in December, 1938, and the final desertion took place in June of 1939. The first desertion lasted for about two months and the second one for *Page 227 
approximately a year. During nine months of this time the husband was in Syria and was in receipt of moneys from his brother. The third desertion lasted for approximately eighteen months.
During part of this period, the husband was in Syria where he apparently was being supported by his brother. At any rate the brother was sending the husband money and was writing to him in a way that he indicated that they still considered themselves as partners. The defendant Dahrea was for a while the ostensible owner of one of the stores. He evidently knew nothing about the grocery business and was apparently nothing but a dummy who took title from one brother until the other brother was able to take it back. During these manipulations of the former partnership assets of the two brothers, defendant George Baskinger opened another store in a neighboring municipality, ostensibly in his sole name, but calling the new store by almost the identical name under which the one nominally owned by Dahrea was operated. The husband did not appear at the trial before me and is and has been for some time living in Florida without any occupation, and it is a fair inference that he is being supported by his brother. Without going into further detail as to the evidence, it is clear, in my opinion, that these transactions were purely fictitious and were intended to prevent the wife from asserting her rights. They are, therefore, void as against her. As heretofore pointed out, this suit is, in effect, auxiliary to the maintenance action still pending, and as has also been pointed out, under the present Chancery rules, she could now have obtained the relief asked for in the maintenance suit. In view of the fact that in any event further proceedings are necessary in the maintenance suit to fix the amount of permanent alimony, I shall advise a decree herein, only to the extent of determining the issue of fraudulent conveyance and impressing a lien upon the interest of the husband as a partner in the two stores for the amount due at the time of the hearing. Further proceedings can be taken in the maintenance suit to protect and enforce complainant's future rights. A decree will be advised accordingly. *Page 228