KATE DAVIS, petitioner-respondent,

*v.*

LAWRENCE DAVIS, defendant-appellant, and LINDA MARCIA DAVIS, an infant, by her next friend, VIVIENNE DAVIS, appellant.

[Submitted February term, 1944—Decided April 13th, 1944.]

*Mr. Simon Englander,* for the petitioner-respondent.

*Mr. Solomon Golat* (*Mr. Irving Morris,* of counsel), for the defendant-appellant and appellant.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an order of the Chancellor dated October 19th, 1943, adjudging the appellant, Lawrence Davis, guilty of contempt in that he had "willfully violated" the court's order of November 26th, 1941, in which he was directed to pay $7.50 a week alimony to his former wife, Kate Davis, as well as costs and a counsel fee to her solicitor. The appellant also challenges that part of the order by which his petition for a revision of the order concerning alimony was dismissed, as well as the refusal of the court to permit Linda Marcia Davis, his infant daughter, to intervene.

The facts and circumstances that appear as the background of the proceeding in the Court of Chancery are these: Kate Davis obtained a final decree of divorce from the appellant on August 18th, 1940. Being gainfully employed and in good health at the time, she did not seek alimony. About a month after the final decree the appellant, Lawrence Davis, married his present wife. A year later the former wife, then in ill health, made application to the Court of Chancery for alimony. Davis consented to pay alimony in the amount of $7.50 a week and an order was made accordingly. On January 16th, 1943, a child, Linda Marcia Davis, was born of the appellant's second marriage. On August 24th, 1943, Kate Davis petitioned the Chancellor to adjudge the appellant in contempt for his failure to live up to the terms of the order for alimony. An order to show cause was allowed. Thereafter on October 11th, 1943, Lawrence Davis made application for the vacation or revision of the alimony order. At the same time a petition was lodged with the Chancellor on behalf of the infant daughter, praying that leave be granted the infant to intervene and that the alimony order be vacated or modified. These several matters were considered together by the learned advisory master on affidavits, each side stating its views *ex parte*. The court determined that the order for alimony was willfully violated by the appellant and it was ordered that he be committed to jail unless he satisfied the arrears within a month. The infant's petition to intervene

was dismissed. The court, however, left the order open for a renewal of the application for revision of the alimony allowance. This we assume was done so that appellant may, after removing the contempt, again submit his petition to the Chancellor.

The proofs presented to the court below have had our careful attention. It is perfectly clear that the order for alimony, to which the appellant consented, was at no time obeyed to the letter by the appellant. From December 24th, 1941, up to the end of August, 1943, the amount which he agreed to pay was never paid in full. On no occasion did he render to his former wife the amount of his commitment. His maximum contribution was $5 a week; some weeks he made no payments; at the end of August, 1943, he was $460 in arrears; and this delinquency occurred and persisted long before the child of his second marriage was born. Annexed to one of the affidavits of the appellant is a statement of his living expenses. Several of the items of expense which are stated to be monthly obligations seem to be unnecessary, if not extravagant. Out of an admitted income of $224 per month appellant could, with prudent economy, discharge these obligations which he assumed voluntarily. Had he shown good faith from the beginning, or at any time from the date of the alimony order, his position before the Chancellor in the instant case would have been much stronger. The appellant married a second time in the face of a potential obligation to his first wife. His second spouse must also be charged with knowledge of his exact position in this regard. When the order for alimony was made it was his first duty to obey it. Ordinarily relief by a reduction of alimony will not be granted where it appears that there was an obstinate or neglectful failure to comply with the court's order, as in this case we conclude there was. *Rigney* v. *Rigney, 62 N. J. Eq. 8.* The principle that one party will not be relieved of his duty under an order unless that order is obeyed is apt in this case. *Warren* v. *Warren, 92 N. J. Eq. 335, 339; Dietrick* v. *Dietrick, 99 N. J. Eq. 711, 712; Cooper* v. *Cooper, 103 N. J. Eq. 416, 420.*

Further: It was quite correct for the court to have declined

to permit the infant to intervene. If the infant was admitted that circumstance would not have improved the appellant's position. The court considered the whole matter in the light of the appellant's duty to support the infant. The infant was neither a necessary nor a proper party in the proceeding any more than the second wife would be. There is no possible relationship between the infant and the former wife. The fact that a child was born of the second marriage is just another element for the court's consideration in determining the faculties and the duties and obligations of the appellant.

The order under review is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.

*For reversal*—None.