[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 343 
Defendants appeal from a judgment of the Superior Court, Chancery Division, setting aside certain transfers of stock made by defendant, Gaspar Kirchner, to John Kirchner, in the defendant corporations, G. Kirchner Son, Inc., and Gaspar Kirchner Son, Inc., and a $40,000 mortgage made by defendant corporation, Gasper Kirchner Son, Inc., to defendant, John Kirchner, on the ground that the transactions were fraudulent.
Defendant, Gaspar Kirchner, husband of plaintiff, Antonia Kirchner, by an order of the Court of Chancery, dated November 3, 1947, was directed to pay plaintiff the sum of $30 per week for support and maintenance until the further order of the court, and a counsel fee of $350 and costs. Gaspar Kirchner defaulted in his alimony payments and plaintiff instituted this action to set aside (a) the transfer by Gaspar Kirchner of three shares of G. Kirchner Son, Inc., to his son John Kirchner and (b) the transfer of fifty shares of the stock of Gaspar Kirchner Son, Inc., made by Gaspar Kirchner to John Kirchner, and (c) a $40,000 mortgage hereinabove mentioned, all of which transactions were alleged to have been fraudulent and made to avoid the enforcement of the aforementioned alimony order. Previous to the institution of this action, defendant. Gaspar Kirchner, had been adjudged in contempt for violating the alimony order. When the suit was instituted, plaintiff claimed arrearages of $1,126.25 and a balance of $226.25 on account of counsel fee and costs. At the hearing of this suit, the court refused to permit the defendant, Gaspar Kirchner, to testify, on the ground that he had not purged himself of the contempt. Defendant. John Kirchner, was denied the right to testify *Page 344 
regarding the consideration for the $40,000 mortgage, by virtue of his failure to produce pertinent records at a prior discovery hearing.
Defendants contend that the trial court erred in (1) denying the defendant, Gaspar Kirchner, the right to testify; (2) in refusing to permit defendant John Kirchner to testify as to the consideration paid for the $40,000 mortgage; (3) in directing that the transfers be set aside for future maintenance; (4) in entering a judgment for a greater sum than that demanded in the complaint; and (5) in allowing counsel fees, in alleged violation of R.S. 3:54-7.
In considering the status of defendant, Gaspar Kirchner, as a contemner with respect to his right to testify in a subsequent action, a distinction must be drawn between that of a contemner who seeks a privilege of the court and that of one who comes in as of right to answer an attack against him. There may be cogent reasons for a court's refusal to hear a moving party who is guilty of contempt under the well known maxim that "he who seeks equity must do equity," but reason and justice dictate that in the interests of the preservation of the fundamental fairness characterized as due process of law under the Fourteenth Amendment of our Federal Constitution, a defendant should not be prevented from presenting his defense notwithstanding his contumacious conduct. Hovey v. Elliott, 167 U.S. 409,42 L.Ed. 215. The generally accepted rule is found in 12 Am.Jur., § 71, p. 438:
"* * * As to a right to a hearing on the merits, a distinction may be drawn between a plaintiff in contempt and a defendant. A plaintiff in contempt is not entitled to proceed with the trial of his case as a matter of right, whereas to refuse the defendant a trial may be an unconstitutional deprivation of his right to a hearing. * * * Many authorities maintain, * * * that as a rule a court has no power to strike out an answer or otherwise prevent a defendant from interposing a defense on the merits, even though he may be contumacious. * * *"
This principle has been followed not only by our courts but those of many other states. In the case of Jansch v. Jansch,95 N.J. Eq. 143 (Ch. 1923), it was said at pp. 143, 144: *Page 345 
"* * * There can be no doubt that if the petitioner had been in contempt, this court would not have heard the case. Dan. Ch.Pr. [*]505, states the rule to be: `That a party in contempt cannot move until he has cleared his contempt, and that the rule is confined to cases where such party comes forward voluntarily and asks for an indulgence.' * * *"
 * * * * * * * *
"I felt that this court should proceed with the hearing of the cause, although the defendant was in contempt, but that the defendant had a right to be heard, which I granted by assigning counsel. Chancellor Williamson, in the case of Endicott v.Mathis, 9 N.J. Eq. 110, says: `As this is a matter so entirely in the discretion of the court, where the court is simply vindicating its own dignity, it would seem that each case as it arises must depend very much upon its own peculiar circumstances.'"
Defendant, Gaspar Kirchner, under authority of the stated recognized rule of law, should have been permitted to testify, not only in his own behalf, but other defendants were entitled to have the benefit, if any, of his testimony.
We think the defendant, John Kirchner, should have been permitted to testify as to the consideration for the $40,000 mortgage; limited, of course, to such testimony as he might be able to give outside of the records which the court had previously directed to be produced before a Master.
As to allowance of counsel fee under authority of R.S.
3:54-7, it was proper for the court in its discretion to allow a counsel fee to plaintiff, but it should have been assessed only against defendant, Gaspar Kirchner, in view of the fact that, so far as Antonia Kirchner and Gaspar Kirchner are concerned, it was a marital action. The applicable part of the rule provides:
"No fee for legal services shall be allowed in the taxed costs or otherwise, except:
"(a) in a matrimonial action. In such an action the court in its discretion may make an allowance to be paid by any of the parties to the action, charging, if it deems it to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues joined with matrimonial issues."
The order for payment of the counsel fee should be made only against Gaspar Kirchner. *Page 346 
We find no error in entering the judgment for the sum demanded in the complaint and additional accruals of alimony at the time of its entry. See Baskinger v. Baskinger, 129 N.J. Eq. 224
(Ch. 1941), at p. 227, stating:
"* * * I shall advise a decree herein, * * * to the extent of determining the issue of fraudulent conveyance and impressing a lien upon the interest of the husband as a partner in the two stores for the amount due at the time of the hearing. * * *" (Italics ours.)
Appellants question the wife's right to institute this suit, contending that such an action is only available to a judgment creditor and arrearages of alimony do not possess any such characteristic. The court is vested with authority to stamp the arrearages of alimony with the characteristic of a judgment, thus entitling plaintiff to relief. This specific question was decided in Baskinger v. Baskinger, supra, wherein it was said at pp.
226, 227:
"Under the provisions of the Revised Statutes 2:29-57, an order of the Court of Chancery for the payment of money has the force, operation and effect of a judgment at law in the Supreme Court. At the time the present suit was instituted, there was due and owing under the order for alimony pendente lite the sum of $500, and there has since accrued approximately another $400 for unpaid alimony, costs and counsel fees. Complainant is, therefore, a creditor entitled to bring a suit to set aside fraudulent conveyances."
We have examined the other grounds of appeal and find they are without merit.
The case is remanded to permit the defendants, Gaspar Kirchner and John Kirchner, to testify respecting those matters from which they were precluded at the trial, following which the court is directed to enter a new judgment in conformity with its findings and the foregoing opinion. *Page 347