45 N.J. Super. 216 (1957)
132 A.2d 28
JULIA SARNER, PLAINTIFF-APPELLANT,
v.
SIDNEY SARNER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1957.
Decided May 27, 1957.
*218 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. George F. Losche argued the cause for the plaintiff-appellant (Messrs. Losche & Losche, attorneys).
Mr. Irving I. Vogelman argued the cause for the defendant-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff, Julia Sarner, appeals by leave of court from those provisions of an order, dated September 6, 1956, granting to the defendant the right to *219 amend his answer by adding a counterclaim for moneys withdrawn by the plaintiff from their joint funds, requiring her to deposit moneys so withdrawn, denying plaintiff's application for a writ of sequestration and the appointment of a receiver, and enforcement of an adjudication of contempt against the defendant until plaintiff's deposit of the moneys withdrawn.
The present action was instituted by a complaint in three counts, seeking a judgment of either separate maintenance, absolute divorce or limited divorce. The defendant's answer denied the allegations of the complaint. Shortly thereafter, on January 13, 1956, there was entered an order to show cause why the defendant should not be compelled to pay for the support and maintenance of the plaintiff, and costs, counsel fees and suit moneys, pendente lite. Both parties filed affidavits and the matter came on for argument, but was not resolved, the court suggesting to counsel that the parties might possibly agree upon the amounts to be paid. Such an agreement was reached, resulting in an order, dated May 9, 1956, "without prejudice to either party," requiring the defendant to pay $250 a week for temporary support, nunc pro tunc as of January 30, 1956, together with $1,500 temporary counsel fee and suit money.
Defendant having paid the $250 weekly support only through April 9, 1956, the plaintiff on July 11, 1956 obtained an order to show cause why the defendant should not be adjudged guilty of contempt for his failure to comply fully with the order of May 9, 1956. Again, counter-affidavits were filed. These contempt proceedings resulted in an order, entered July 27, 1956, requiring the defendant to pay $50 per week on account of arrears, in addition to the $250 weekly temporary support, a total of $300 a week. On August 3, 1956 notice was given to the plaintiff of defendant's application to vacate the orders of May 9 and July 27, and to adjudicate the ownership of certain moneys withdrawn by the plaintiff from their joint account and joint custody, and to have such moneys applied against any order of support made in favor of the plaintiff. The plaintiff *220 countered with another order to show cause, entered August 8, 1956, to have the defendant adjudged in contempt for failure to comply with the prior orders. The result was the entry on September 6, 1956 of the order now under appeal, which provided inter alia: (1) that the defendant be adjudged guilty of contempt for having willfully violated the orders of May 9, 1956 and July 27, 1956; (2) that he be committed to the county jail and there remain until he shall pay to the plaintiff the sum of $5,000 and costs; (3) upon representation that the defendant was desirous of complying with the provisions of the prior orders, that no warrant issue for his apprehension unless he failed to pay the $5,000; (4) that the defendant be granted leave to amend his answer by adding a counterclaim; and (5) that the plaintiff deposit in their joint account the moneys she withdrew therefrom pending determination of its ownership and that coincidentally with the deposit, the defendant pay to the plaintiff the $5,000, for non-payment of which he had been adjudged in contempt.
We recite events subsequent to the entry of the order of September 6, 1956 to bring the history of the proceeding up to date. The notice of appeal was filed on October 24, 1956. On November 7, 1956 Sarner was again adjudged guilty of contempt for willfully violating the orders of May 9, July 27 and September 6, and was ordered committed to the county jail until he paid the plaintiff the sum of $6,000 then due, notwithstanding that the plaintiff had not yet made the deposit directed by the order of September 6, 1956. It was further ordered that a writ of sequestration issue against the defendant's assets, to be discharged if he gave a bond in the sum of $6,000. The bond was posted, and on November 19, 1956 the defendant paid the $6,000 to the sheriff, thus purging himself of the contempt. Shortly thereafter he paid to the plaintiff's attorney the sum of $3,250 as additional payment for temporary support. These payments are evidenced by photostatic copies of the checks.
The substance of the grounds of appeal is (1) that the defendant should not have been granted the affirmative relief *221 of permitting him to amend his answer to include a counterclaim while he was in contempt of court, nor (2) should the issuance of the warrant for his arrest for contempt have been conditioned upon the plaintiff's deposit of the moneys she had withdrawn from the joint account. On oral argument of the appeal the plaintiff's attorney agreed that Sarner had paid the moneys he had been ordered to pay and has thus purged himself of the contempt.
We shall first consider the second point.
We are of the opinion that the defendant should have been compelled to purge himself unconditionally of his contemptuous conduct. We disapprove of the provision of the court order which, in substance, held in abeyance enforcement of the contempt order until such time as the plaintiff should make the deposit directed by the same order; thus, in effect, excusing the defendant's continued contempt until that time. The contempt order had for its purpose the coercion of compliance with the earlier support orders, McClung v. McClung, 33 N.J. Eq. 462 (Ch. 1881); it ought not be used by the court for the purpose of supplying a sanction for the enforcement of an order addressed to the adverse party in reference to a totally unrelated controversy. Accordingly, we find that the order under appeal should be modified by striking from it the provision which makes punishment of the defendant for contempt for failure to pay arrears of support conditional upon plaintiff's depositing moneys withdrawn.
As to that portion of the order which grants leave to the defendant to amend his answer by adding a counterclaim, we deem this determination to be largely a matter of discretion, reviewable only for abuse. Suozzo v. Suozzo, 16 N.J. Misc. 475 (Ch. 1938); Traudt v. Traudt, 116 N.J. Eq. 75, 80 (E. & A. 1934). There can be no question but that Sarner has unjustifiably and repeatedly failed to obey the orders of the court and by his disobedience of its orders placed himself in the court's disfavor. In the absence of exceptional extenuating circumstances, courts are not inclined to hear a litigant who resists or evades the enforcement *222 of its orders until he has satisfactorily settled his default. Rigney v. Rigney, 62 N.J. Eq. 8 (Ch. 1901); Warren v. Warren, 92 N.J. Eq. 334, 339 (Ch. 1921); Jansch v. Jansch, 95 N.J. Eq. 143 (Ch. 1923); Cooper v. Cooper, 103 N.J. Eq. 416 (Ch. 1928); Suozzo v. Suozzo, supra; Davis v. Davis, 135 N.J. Eq. 129 (E. & A. 1944); Annotation, 6 A.L.R.2d 935 (1949); and cf. Kirchner v. Kirchner, 5 N.J. Super. 341 (App. Div. 1949). "* * * a party may not at the same time and in the same matter be a suitor before and a contemnor of the court." Traudt v. Traudt, supra, 116 N.J. Eq., at page 80; also see Annotation, 62 A.L.R. 663 (1929). Although we find that defendant's continuous contemptuous conduct hardly renders him entitled to the affirmative relief he seeks, we are not called upon to determine whether that conduct places him beyond the pale of the trial court's discretion, for defendant has since purged himself of the contempt, and hence it can no longer serve as a barrier to an adjudication of his claim. We cannot overlook the elementary requirement of our modern practice that no error in any order, whether or not involving the exercise of discretion, shall constitute a ground for reversal "unless a denial of the relief sought appears to the court to be inconsistent with substantial justice." R.R. 1:5-3(b). The force of plaintiff's position before the defendant purged himself has been mitigated for now clearly the trial court's ruling that defendant may file a counterclaim is not inconsistent with substantial justice. Rather, it is consistent with the policy of our courts of achieving a "just and expeditious determination in a single action of the ultimate merits of an entire controversy between litigants." Ajamian v. Schlanger, 14 N.J. 483 (1954), certiorari denied 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 659 (1954); Silverstein v. Abco Vending Service, 37 N.J. Super. 439, 449 (App. Div. 1955). So firm is the insistence upon such a determination in but a single action that, while the rules generally do not make counterclaims compulsory, our Supreme Court has held that a counterclaim which might have been asserted as an affirmative defense in a *223 prior action stands concluded. Massari v. Einsiedler, 6 N.J. 303 (1951); see New Jersey Highway Authority v. Renner, 18 N.J. 485, 492 (1955). To facilitate achieving this end, our court rules provide that leave to amend an answer "shall be freely given when justice so requires," R.R. 4:15-1, and with particular reference to matrimonial actions, that a counterclaim "may state any matrimonial cause of action, and any other cause or causes of action which exist at the time of service of the counterclaim," and it "may be filed by leave of the court, at any time prior to final judgment." R.R. 4:95-3. Liberality in this regard stands as a hallmark of practice in this State, even where, as here, the defendant might be held by his contemptuous conduct to have forfeited any consideration in such regard.
Coupled with defendant's right to an adjudication of his claim is his right to the issuance of preliminary relief in the nature of the court's order that plaintiff deposit the moneys she withdrew from the joint account and joint custody, the ownership of which is in dispute. While the maintenance of the status quo and the preservation of the res is often essential to effective judicial procedure, Gluck v. Rynda Development Co., 99 N.J. Eq. 788, 805 (Ch. 1925), affirmed 100 N.J. Eq. 554 (E. & A. 1927), an order directed to maintaining the status quo may properly provide that there be deposited only such moneys withdrawn from joint accounts and joint funds as remained in plaintiff's possession as of the date of the order. It cannot extend to that portion of the original moneys which were no longer in her possession or control, whatever might eventually by final judgment be adjudicated as to her liability. Accordingly, the order should be further modified to provide that the plaintiff deposit such moneys which she withdrew from joint funds as remained in her possession on September 6, 1956, the date of the order under appeal. Any dispute as to the amount should be determined by the trial court on proofs.
The plaintiff further contends that her application for a writ of sequestration and the appointment of a receiver *224 should have been granted. These matters are now moot in view of the order entered November 7, 1956.
The order as modified is affirmed.