140 N.J. Super. 418 (1976)
356 A.2d 428
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VIDAL PRINCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 21, 1976.
Decided February 4, 1976.
*419 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Susan Slovak, Assistant Deputy Public Defender, on the letter brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Edgar F. Devine, Jr., Deputy Attorney General, on the letter brief).
PER CURIAM.
The sole ground of defendant's appeal asserts the alleged excessiveness of his sentence entered after a retraxit plea of guilty. The sentence imposed was concededly within statutory limits.
We are advised that during the pendency of this appeal defendant escaped from his place of confinement.
Various courts have employed a variety of means to justify either a postponement of further consideration of litigation instituted by a criminal who subsequently escapes or a refusal further to consider it at all. A doctrine of abandonment or waiver was employed in Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897). While questioning the application of such a doctrine because of doubt with respect to foreseeability of a dismissal "as a natural result" of the escape (cf. Annotation, "When criminal case becomes moot so as to preclude review of or attack on conviction or sentence," 9 A.L.R.3d 462, § 13 at 498 (1966)), the Supreme Court of Wisconsin nonetheless applied the doctrine on the pragmatic basis that an escaped prisoner was unavailable to forward his own cause and that the consequence of his having thereby "frustrated the administration of justice" justified a declaration of abandonment. State v. John, 60 Wis.2d 730, 211 N.W.2d 463 *420 (1973). In an unreported New Jersey case in which there was an appeal to the United States Supreme Court from the denial of certification by our Supreme Court, State v. Molinaro, 54 N.J. 246 (1969), the high court "decline[d] to adjudicate his case" where a defendant who was free on bail failed to surrender himself to state authorities after affirmance of his conviction in our state courts. Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). In any event, it is abundantly clear that a state may constitutionally "adopt a policy which deters escapes by prisoners." Estelle v. Dorrough, 420 U.S. 534, 541, 95 S.Ct. 1173, 1178, 43 L.Ed.2d 377, 383 (1975), reh. den. 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed. 2d 790 (1975).
New Jersey formulated such a policy many years ago. An escape is a contempt of the judgment of the court ordering the confinement. While in such contempt, defendant is not entitled to the consideration of the judiciary or relief at the hands of the court. State v. Clerk of Bergen, 25 N.J.L. 209 (Sup. Ct. 1855); cf. Sarner v. Sarner, 45 N.J. Super. 216, 221 (App. Div. 1957), certif. den. 25 N.J. 103 (1957).
Appeal dismissed.