STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RONALD ROGERS, DEFENDANT-APPELLANT.

Argued December 14, 1981—Decided July 1, 1982.

*Blair R. Zwillman,* Designated Counsel, argued the cause for appellant (*Stanley C. Van Ness,* Public Defender, attorney).

*Larry R. Etzweiler,* Deputy Attorney General, argued the cause for respondent (*James R. Zazzali,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

O'HERN, J.

This appeal involves the question of representation of multiple defendants by public defenders from the same office. It was argued with *State v. Bell and Peguese,* 90 *N.J.* 163 (1982), decided this date, which raises the same issue.

On December 23, 1978, Rogers and two others held up a shopkeeper and his wife at their home in Fair Lawn and, under threat of violence, forced them to turn over some $14,681 in store receipts. The three defendants were indicted for armed robbery and illegal possession of a revolver.

All three defendants were represented by staff attorneys of the Bergen County Public Defender's office. About a week prior to trial, Rogers moved to obtain new counsel. He alleged an irreconcilable conflict of interest. The public defender assigned to him joined in the request. This public defender advised the court that in view of his client's fears about confidentiality and the "clear conflict between the co-defendants, we can't talk together about a defense." The trial court viewed as unfounded the concern that the public defender might disclose the client's confidences and saw the risk as common to all multiple defendants. Rogers' counsel renewed the motion on

the day of trial, advising the court that he and Rogers had had no discussion of the defense. Rogers' defense was that he had been conned into this scheme by one of the shopkeeper's relations. In fact, Rogers did not discuss his theory of defense until the day he was scheduled to testify.

The public defender, over objection, was forced to continue to represent Rogers against the wishes of both defendant and counsel. Due to procedural misconduct by the prosecutor during summation, mistrials were granted as to the two codefendants. Rogers was convicted of all counts by the jury. The Appellate Division affirmed, concluding that "[t]he record here is devoid of any actual conflict. . . . There is no reason to believe that appellant's conviction was in any sense 'tainted by trial counsel's encumbered or diluted representation.'" [177 *N.J.Super.* 365, 374 (App.Div.1981) (citation omitted)]. We granted certification to review the question of conflict of interest. 82 *N.J.* 345 (1981).

Under the principles established in *State v. Bell and Peguese,* 90 *N.J.* 163 (1982), we would be obliged to determine if, in view of the potential conflict, there was a significant likelihood that this multiple representation prejudiced defendant. However, since defendant is now a fugitive, the State has moved to dismiss his appeal. Defendant's counsel does not dispute that fact but urges that because of the importance of the issue we should decide this case as though the defendant were not a fugitive. We decline to do so.

In most jurisdictions, courts will dismiss the appeal of a fugitive. In *Molinaro v. New Jersey,* 396 *U.S.* 365, 90 *S.Ct.* 498, 24 *L.Ed.*2d 586 (1970), the United States Supreme Court dismissed a fugitive appellant's appeal:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or

controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provisions to the contrary in the statute under which Molinaro appeals, 28 *U.S.C.* § 1257(2), we conclude, in light of the *Smith* [*Smith* v. *United States,* 94 *U.S.* 97, 24 *L.Ed.* 32] and *Bonahan* [*Bonahan* v. *Nebraska,* 125 *U.S.* 692, 8 *S.Ct.* 1390, 31 *L.Ed.* 854] decisions, that the Court has the authority to dismiss the appeal on this ground. The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time. [*Id.* at 366, 90 *S.Ct.* at 498].

See also *Estelle* v. *Dorrough,* 420 *U.S.* 534, 95 *S.Ct.* 1173, 43 *L.Ed.* 377 (1975); Comment, "The Disposition of Writ of Certiorari When Petitioner Flees Jurisdiction," 18 *Geo.Wash.L.Rev.* 427 (1950).

New Jersey formulated such a policy many years ago. An escape is a contempt of the judgment of the court ordering the confinement. While in such contempt, defendant is not entitled to the consideration of the judiciary or relief at the hands of the court. *State* v. *Clerk of Bergen,* 25 *N.J.L.* 209 (Sup.Ct.1855); cf. *Sarner* v. *Sarner,* 45 *N.J.Super.* 216, 221 (App.Div.1957), certif. den. 25 *N.J.* 103 (1957). [*State* v. *Prince,* 140 *N.J.Super.* 418, 420 (App.Div.1976)].

Accordingly, we dismiss Rogers' appeal.

PASHMAN, J., concurring.

I concur in the decision of the Court to dismiss defendant's appeal because he is a fugitive. Insofar as the majority opinion discusses the merits of defendant's appeal, I adhere to my view, expressed in *State* v. *Bell and Peguese,* 90 *N.J.* 163 (1982) (Pashman, J., dissenting), that representation of codefendants by associated public defenders is a *per se* deprivation of effective assistance of counsel absent a knowing waiver.

PASHMAN, J., concurring in the result.

*For dismissal*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*Opposed*—None.