278 N.J. Super. 80 (1994)
650 A.2d 391
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID CANTY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1994.
Decided December 15, 1994.
*81 Before Judges BAIME, KESTIN and ARIEL A. RODRIGUEZ.
Susan L. Reisner, Public Defender, attorney for appellant (Ruth Bove, Assistant Deputy Public Defender, of counsel and on the letter-brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (Henry L. Warner, Assistant County Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
*82 At issue is whether the Law Division correctly dismissed with prejudice defendant's motion to suppress evidence because he escaped from prison and, although recaptured, was not available on the scheduled hearing date. We hold that defendant's unavailability did not warrant the sanction of a dismissal with prejudice. The Law Division should have either postponed the hearing or proceeded in absentia.
The facts are not in dispute. The Atlantic City police arrested defendant on May 14, 1991. A warrantless search of his person revealed cocaine, heroin and a knife. The grand jury returned an indictment charging defendant with possession of cocaine and heroin (N.J.S.A. 2C:35-10a(1)), possession of the same drugs with intent to distribute (N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3)), and possession of a weapon not manifestly appropriate for its lawful uses (N.J.S.A. 2C:39-5d). Defendant filed a timely motion to suppress pursuant to R. 3:5-7. While that motion was pending, defendant escaped from prison. Defendant was apprehended in New York two days before the scheduled hearing date and, on the day of the hearing, remained in the custody of New York authorities. At the hearing, defendant's attorney expressly waived defendant's right to be present. Without explanation and over defense counsel's objection, the Law Division dismissed with prejudice defendant's motion to suppress. Defendant later pleaded guilty to escape and to possession of cocaine with intent to distribute. He was sentenced to an aggregate term of eight years with a two year parole disqualifier.
On appeal, defendant contends that the Law Division erroneously dismissed with prejudice his motion to suppress evidence. We have found no reported opinion dealing with the precise issue. In a related context, both the federal and state courts have long "declin[ed] to review the convictions of escaped criminal defendants." Estelle v. Dorrough, 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, 380 (1975); see also Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); Gov't of *83 the Virgin Islands v. James, 621 F.2d 588 (3d Cir.1980); State v. Rogers, 90 N.J. 187, 447 A.2d 537 (1982); State v. Prince, 140 N.J. Super. 418, 356 A.2d 428 (App.Div. 1976); State v. Clerk of Bergen, 25 N.J.L. 209 (Sup.Ct. 1855); Comment, The Disposition of Writ of Certiorari When Petitioner Flees Jurisdiction, 18 Geo.Wash.L.Rev. 427 (1950). In most jurisdictions, courts will dismiss a fugitive's appeal. State v. Rogers, 90 N.J. at 189, 447 A.2d 537.
This well-settled policy rests on several bases. First, there can be no assurance that any judgment rendered by an appellate court can be enforced against an escaped defendant. Ortega-Rodriguez v. United States, 507 U.S. ___, ___, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581, 591 (1993); see also Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949); Bonahan v. Nebraska, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876). Second, defendant's escape from custody may be considered an abandonment of his right to appeal, thus "disentitling" him from calling upon the court's resources. Molinaro v. New Jersey, 396 U.S. at 366, 90 S.Ct. at 498-99, 24 L.Ed.2d at 588; State v. Rogers, 90 N.J. at 190, 447 A.2d 537; State v. Prince, 140 N.J. Super. at 420, 356 A.2d 428. Third, a dismissal "serves an important deterrent function and advances an interest in efficient dignified appellate practice." Ortega-Rodriguez v. United States, 507 U.S. at ___, 113 S.Ct. at 1204, 122 L.Ed.2d at 593.
We decline the State's invitation to extend this rule to authorize the dismissal with prejudice of an escaped defendant's motion to suppress evidence. The policies that underlie our practice of dismissing a fugitive defendant's appeal are less compelling in this context.
An order granting or denying a motion to suppress is fully enforceable notwithstanding the defendant's failure to appear. In appropriate circumstances, "a defendant's knowing, voluntary, and unjustified absence before or after trial has commenced does not prevent trial from proceeding in absentia." State v. Hudson, 119 *84 N.J. 165, 182, 574 A.2d 434 (1990); R. 3:16. Under circumstances demonstrating adequate notice, a court may proceed with a motion to suppress and a trial even in the defendant's absence. State v. Hudson, 119 N.J. at 183, 574 A2d 434. A court's decision on a motion to suppress is thus enforceable whether or not the defendant is present at the hearing because it determines whether the evidence seized may be admitted at the subsequent trial.
We do not consider the defendant's escape as an abandonment of his right to object to the admission of seized evidence. An escape is a contempt of the court's judgment ordering the defendant's confinement. State v. Prince, 140 N.J. Super. at 420, 356 A.2d 428. It goes without saying that we harbor no sympathy for a fugitive defendant. However, we do not think an escape should strip the defendant of all his rights and constitutional protections. A motion to suppress resolves questions pertaining to the admissibility of evidence. Even where the defendant unjustifiably fails to appear and the trial proceeds without him, the rules of evidence and constitutional protections are not thereby suspended. The defendant's attorney does not lose the right to object to the admission of evidence that might have been seized in violation of constitutional law.
Finally, we are satisfied that the penalties attendant to a conviction for escape serve as an adequate deterrent. Because escape constitutes a separate crime punishable under the Code of Criminal Justice, the Law Division may impose a separate sentence that adequately vindicates the public interest in deterring flight. In this case, for example, defendant received a consecutive sentence of four years. Use of the dismissal sanction as additional punishment for the defendant's flight is thus unnecessary.
Where the defendant escapes during the pendency of his motion to suppress, the court may either postpone the hearing and place the case on the inactive list or proceed in absentia. The court should not dismiss the motion with prejudice.
*85 Having said this, we need not reverse defendant's conviction for possession of cocaine with intent to distribute. Instead, we remand the matter to the Law Division for a hearing on defendant's motion to suppress. If the court grants the motion, it should vacate defendant's conviction. If the court denies the motion, the conviction shall stand.
Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.