701 A.2d 1314

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LLOYD A. FISHER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 8, 1997—Decided November 7, 1997.

Before Judges BAIME, BROCHIN and BRAITHWAITE.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Sheila H. Mylan*, Designated Counsel, of counsel and on the brief).

*Edward M. Neafsey*, Acting Union County Prosecutor, attorney for respondent (*Steven J. Kaflowitz*, Special Deputy Attorney General/Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

On March 22, 1990, defendant Lloyd A. Fisher was indicted for third-degree possession of cocaine contrary to *N.J.S.A.* 2C:35–10(a)(1). On May 3, 1990, he moved to suppress the evidence against him on the ground that it had been obtained by an illegal warrantless search and seizure. Defendant, who had been free on bail, failed to appear in court on the return date of his motion and became a fugitive. His attorney withdrew the motion to suppress. Defendant was not re-arrested until July 15, 1993. His motion to suppress was not re-filed. He pleaded guilty January 3, 1994.

He was sentenced to three years' imprisonment to be served concurrently with his sentence for parole violation. He appealed his sentence and we affirmed.

Defendant then applied for post-conviction relief. He argued that the assigned counsel who represented him after he was re-arrested had provided him with constitutionally ineffective assistance by failing to re-file his motion to suppress the evidence. The post-conviction relief judge assumed for the purposes of his decision that if defendant's suppression motion had been made and heard, it would have been successful and would have resulted in the dismissal of the charge against him. He ruled that the failure to re-file the motion was not constitutionally ineffective assistance of counsel because, when the motion might have been re-filed, the controlling decision appeared to be *State v. Prince*, 140 *N.J.Super.* 418, 356 *A.*2d 428 (App.Div.), *appeal reinstated*, 71 *N.J.* 347, 364 *A.*2d 1079 (1976), and he interpreted that case to mean that, by fleeing, a criminal defendant waived his rights to relief from the courts. On the basis of that interpretation of *Prince*, the judge held that defense counsel's failure to anticipate our decision in *State v. Canty*, 278 *N.J.Super.* 80, 650 *A.*2d 391 (App.Div.1994), where we held that a defendant's flight did not forfeit his right to move on constitutional grounds to suppress evidence, did not fall so far below the applicable standard of practice as to constitute constitutionally ineffective assistance of counsel. *See Strickland v. Washington*, 466 *U.S.* 668, 689, 104 *S.Ct.* 2052, 2065, 80 *L.Ed.*2d 674, 694–95 (1984) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .")

On appeal, defendant reiterates the argument he made before the post-conviction relief judge. The State counters with the argument that "prior to *Canty*, it was reasonable for counsel to think that *Prince, supra*, with its principle that absconding defendants were not entitled to seek relief from the courts, would be applicable to defense motions seeking to suppress evidence via application of the judicially created exclusionary rule."

The State's argument misconstrues *Prince, supra*. The defendant in that case pleaded guilty and then appealed from his sentence. In a brief opinion, we noted, "We are advised that *during the pendency of this appeal* defendant escaped from his place of confinement." *Id.* at 419, 356 *A.*2d 428 (emphasis added). We dismissed his appeal with the following explanation:

"An escape is a contempt of the judgment of the court ordering the confinement. *While in such contempt*, defendant is not entitled to the consideration of the judiciary or relief at the hands of the court."

[*Id.* at 420, 356 *A.*2d 428 (citations omitted) (emphasis added).]

Our decision in *Prince, supra*, has a subsequent history. Our Supreme Court granted the defendant leave to appeal. The Court's entire opinion reads:

Motion for leave to appeal is granted; the appeal is reinstated, *and the Appellate Division is directed to hear the matter on the merits.*

[*Prince, supra*, 71 *N.J.* at 347, 364 *A.*2d 1079 (emphasis added).]

If the Court's direction in *Prince* is read without reference to other cases, it could have two possible implications. Either we were wrong for dismissing the case because the defendant was entitled to have his appeal decided on its merits even while he was a fugitive, or else, by the time the Supreme Court considered the case, the defendant had been re-arrested and was therefore no longer in "contempt." Either way, the Supreme Court's decision made it abundantly clear that our opinion in *Prince* was not a justification for the failure of defendant's attorney to re-file defendant's motion to suppress.

When defendant's attorney decided not to re-file the suppression motion, our Supreme Court had already decided *State v. Rogers*, 90 *N.J.* 187, 447 *A.*2d 537 (1982). The defendant in *Rogers* appealed from his conviction on grounds which the Court found to be substantial. But the Court dismissed his appeal with the following explanation:

[S]ince defendant *is now a fugitive*, the State has moved to dismiss his appeal. Defendant's counsel does not dispute that fact but urges that because of the importance of the issue we should decide this case as though the defendant were not a fugitive. We decline to do so.

[*Rogers, supra*, 90 *N.J.* at 189, 447 *A.*2d 537 (emphasis added).]

As a further explanation for its dismissal of the appeal, the *Rogers* Court cited *Estelle v. Dorrough*, 420 *U.S.* 534, 95 *S.Ct.* 1173, 43 *L.Ed.*2d 377 (1975), and quoted *Prince*'s reference to "New Jersey ... policy" "formulated ... many years ago," that while at large, a fugitive from confinement is not entitled to judicial relief. In *Estelle*, the United States Supreme Court upheld the constitutionality of a Texas statute which, in most cases, barred Texas courts from hearing the appeal of an escaped defendant even after his recapture. Justice Stewart's dissent in *Estelle*, which was joined by Justice Brennan, formerly a Justice of the New Jersey Supreme Court, referred to:

> the long-settled 'practice of declining to review the convictions of escaped criminal defendants.'... [which has] universally been understood to mean only that a court may properly dismiss an appeal of a fugitive convict *when, and because,* he is not within the custody and control of the court. Until today, this Court has never intimated that under the rule of *Smith [v. U.S.,* 94 *U.S.* 97, 24 *L.Ed.* 32 (1876)], *Bonahan [v. Nebraska,* 125 *U.S.* 692, 8 *S.Ct.* 1390, 31 *L.Ed.* 854 (1887)], and *Molinaro [v. New Jersey,* 396 *U.S.* 365, 90 *S.Ct.* 498, 24 *L.Ed.*2d 586 (1970) ] a court might dismiss an appeal of an escaped criminal defendant at a time when he has been returned to custody, and thus to the court's power and control.
>
> [420 *U.S.* at 543, 95 *S.Ct.* at 1178, 43 *L.Ed.*2d at 384 (Stewart, J., dissenting) (internal citations and footnote omitted).]

■ We conclude that under New Jersey law, although an escaped criminal defendant is subject to appropriate punishment for his escape and his legal rights may be adversely affected by the passage of time while he was a fugitive, he is barred from seeking judicial relief only while he is beyond the control of the court. We read the New Jersey Supreme Court's opinion in *Prince, supra,* as implying that the defendant had been re-arrested, and we therefore regard the decision as merely an application of that principle. Consequently, our decision in *Canty, supra,* which holds that a returned fugitive was entitled to a hearing on his motion to suppress evidence, is not an innovation in our law.

■ We must still decide whether defendant's attorney rendered constitutionally ineffective assistance to her client by failing to discover, or by misreading, the Supreme Court's reported

opinion in *Prince, supra,* and, as a consequence, failing to re-file the discovery motion. We have not found any reported decision directly on point. Nonetheless, waiving the substantial right of a criminal defendant in reliance exclusively on a single decision of an intermediate appellate court without having used either a traditional citator or an electronic data base to ascertain the continuing validity of the decision seems to us so clearly and grossly unprofessional that we have no hesitancy in ruling that if that is what defendant's counsel did, she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland, supra,* 466 *U.S.* at 687, 104 *S.Ct.* at 2064, 80 *L.Ed.*2d at 693; *cf. Kimmelman v. Morrison,* 477 *U.S.* 365, 106 *S.Ct.* 2574, 91 *L.Ed.*2d 305 (1986) (attorney who failed to move to suppress evidence allegedly obtained by an illegal search and seizure did not act with the competency required of the counsel guaranteed by the Constitution). If defendant's counsel found the Supreme Court's *Prince* opinion but failed to appreciate its import, we consider the error equally fundamental because, as we have pointed out, on either possible interpretation of the Court's reinstatement of the appeal in *Prince,* its decision is controlling authority for the proposition that, once defendant was again in custody, he was entitled to a hearing on his suppression motion.

We therefore remand this matter to the post-conviction relief court for a hearing on defendant's motion to suppress. If the court grants the motion, it should vacate defendant's conviction. If the court denies the motion, the conviction will stand. *See Canty, supra,* 278 *N.J.Super.* at 85, 650 *A.*2d 391.