IN THE MATTER OF WALTER A. ZACH CHARGED WITH CRIMINAL CONTEMPT OF COURT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1960—Decided June 13, 1960.

592

Before Judges GOLDMANN, CONFORD and FREUND.

*Mr. Robert J. Jerome* argued the cause for defendant-appellant.

*Mr. Americus S. Muti* argued the cause for the State.

PER CURIAM. On January 28, 1959 defendant Walter A. Zach was found guilty of criminal contempt for having testified falsely in a matrimonial proceeding involving his mother and stepfather. The final order and judgment embodying the fine was entered on February 16, 1959. Defendant had ten days within which to appeal. *R. R.* 1:3–1(*c*); *Stern v. Glassen,* 10 *N. J.* 596 (1952). The notice of appeal was not filed until July 6, 1959, more than four months after the final judgment of contempt. The prosecuting attorney has moved to dismiss the appeal as untimely, and we have received defendant's supplementary brief and affidavits in opposition thereto.

Both defendant and his attorney on this appeal have sworn to affidavits in connection with the present motion indicating that no steps to set the conviction aside were taken in February 1959. Indeed, in alleged justification for not taking an appeal at that time, the attorney has deposed:

"I, frankly, did not know that the time for appeal of this contempt was only 10 days. I was under the impression that it being a criminal case, the time for appeal was 3 months. In any event the 10 day period had already expired before I agreed to handle the matter for Mr. Zach."

It appears to be the fact, however, that counsel did agree to handle the matter within the ten-day period following February 16, 1959, for a motion for a new trial and in arrest of judgment, prepared by him, was dated and mailed to the clerk of the Superior Court and the prosecuting attorney on February 25. It was received by the clerk on

February 26, 1959, but not filed until March 11, 1959, the motion in the meantime having been returned to counsel and then, in turn, sent back to the clerk and filed. In denying the motion, the trial judge stated that the defendant "applied to this Court on March 13, 1959" for a new trial.

Defendant argues that, under R. R. 1:3–3(c), the motion for new trial tolled the running of appeal time. Such a motion can have no tolling effect, however, unless made within ten days after the determination of guilt. The words "determination of guilt" refer to the jury's verdict or, as here, the trial judge's finding of guilt, and not to the entry of the formal judgment of conviction. State v. Petrolia, 21 N. J. 453, 457 (1956). In the present case, the trial judge's finding of guilt and imposition of sentence were by letter dated January 28, 1959 and filed with the clerk of the court on January 30, 1959. To have had a tolling effect the motion for new trial must have been made at least within ten days after January 30, 1959. This not having been done, the time for appeal never was tolled and the appeal must be dismissed as far out of time.

If we were to assume, notwithstanding the foregoing, that time was tolled by the motion for new trial on February 26, it would still be true that, after the trial judge's denial of the motion in an order filed June 24, 1959, defendant had but one day at most remaining of the ten-day period to file his notice of appeal, counting time from the February 16 judgment. As already mentioned, the record reveals that the notice of appeal was filed July 6, 1959, which was not only more than one day after June 24 but more than ten days thereafter. Therefore, defendant's appeal would still not lie as matter of right.

The "final judgment" in criminal cases, after the entry of which appeal time begins to run, is the sentencing of the defendant rather than his conviction. State v. Hintenberger, 41 N. J. Super. 597, 601 (App. Div. 1956), certification denied 23 N. J. 57 (1956). Defendant urges

that appeal time never began to run in this case because he was never sentenced, and that the appeal is not out of time but premature for that reason. The argument is based on the circumstance that the trial judge, having reserved decision in the matter after the contempt proceeding was heard on January 19, notified the defendant of his finding of guilt and of the amount of the fine by a letter opinion of January 28. We of course agree that the sentence should have been imposed in open court, *Van Sweringen v. Van Sweringen,* 34 *N. J. Super.* 394, 408 (*App. Div.* 1955), reversed on another point 22 *N. J.* 440, 64 *A. L. R.* 2d 593 (1956), but the imposition of sentence by means of a letter opinion was merely a procedural irregularity and not an absolute legal nullity for all purposes. Defendant was sentenced, final judgment was pronounced and entered, and appeal time, therefore, commenced to run on February 16, 1959, the date of the entry of judgment. *R. R.* 1:3–1(*c*). It was not tolled by a timely motion for a new trial. By the time the notice of appeal was filed, there had expired not merely the normal ten-day period for appeal but also the additional 30 days which we might allow for good cause as a matter of discretion under *R. R.* 1:27B(*d*). In consequence, we have no jurisdiction to entertain the appeal.

The appeal is dismissed.