67 N.J. Super. 213 (1961)
170 A.2d 456
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILLIP T. NEFF, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1961.
Decided April 24, 1961.
*215 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. John H. Mead argued the cause for appellant (Mr. Donald A. Gaver, court-assigned counsel, attorney; Mr. Mead, on the brief).
Mr. William J. Hughes, Assistant Prosecutor, argued the cause for respondent (Mr. James A. O'Neill, Cape May Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from his conviction on indictments charging him with forgery of two checks, in violation of N.J.S.A. 2A:109-1(a) (two counts), and with making and uttering worthless checks, in violation of N.J.S. 2A:111-15 (two counts).
The checks, payable to defendant's order and apparently drawn by M.L. Gordon and Frank Lynro against the account of El Personalized Service in a Pittsburgh bank, were dated September 25, 1952 and cashed by defendant in Ocean City, Cape May County, two days later. The checks were soon returned from Pittsburgh marked "unable to locate [account] in this office." Defendant left New Jersey and was arrested on a fugitive warrant in Lexington, Kentucky, on October 16, 1952. The Cape May grand jury returned *216 its indictments on November 7. Defendant had been admitted to bail pending an extradition hearing, but before the rendition warrant issued he fled Kentucky, forfeiting the bail. He was again apprehended on July 11, 1957 in South Carolina and extradited to stand trial in New Jersey. Thereafter he entered a plea of not guilty and was released on $2,500 bail.
The two indictments were consolidated for trial, which began December 2, 1957. On December 6 the jury returned a verdict of guilty as charged under both indictments. The court fixed January 10, 1958 as the date for sentence, and increased the bail to $5,000. Defendant having failed to appear on sentence day, his bail was ordered forfeited and a bench warrant issued for his arrest. The bail was found to be worthless.
It was not until early in 1960 that defendant was again apprehended and returned by extradition to New Jersey. He finally was sentenced on March 18, 1960 to a term of 5-7 years in State Prison on each count of the forgery indictment, to run concurrently, and 1-1 year on each count of the uttering of fraudulent checks indictment, also to run concurrently. However, the forgery sentence and the one for uttering were to run consecutively. Defendant was resentenced on May 17, 1960 to 3-5 years for forgery and 1-1 year for uttering, all sentences to run concurrently. He filed his notice of appeal May 24, 1960.
There is no need to recite the details of the crimes since they have no significant relation to the grounds of appeal. Defendant raises two points: (1) reference by a witness for the State to defendant's plea of guilty to a former charge of forgery was prejudicial error since defendant did not take the stand; and (2) the trial judge committed prejudicial error in the course of his charge when he did not indicate that intent was a necessary element in finding defendant guilty of forgery. In its answering brief the State contends that the appeal should be dismissed because the notice of appeal was not filed within the time permitted *217 by R.R. 1:3-1(a). We shall consider and dispose of this argument first.

I.
R.R. 1:3-1 provides that in criminal causes an appeal shall be taken within three months after entry of final judgment. The "final judgment" in a criminal case, after whose entry appeal time begins to run, is the sentencing rather than the return of the jury verdict. State v. Hintenberger, 41 N.J. Super. 597, 601 (App. Div. 1956), certification denied 23 N.J. 57 (1956); In re Zach, 61 N.J. Super. 591, 594 (App. Div. 1960). Defendant's notice of appeal falls well within that limit.
The State, however, argues that defendant should be barred from this appeal because the more than two years' delay from conviction to sentencing was the result of his fleeing from justice. To apply the general rule, says the prosecutor, would lead to a complete frustration of justice. The State does not cite authority for its proposition, nor does it offer reasons why the fact that defendant jumped bail and delayed the sentencing for more than two years should effect a forfeiture of his right to appeal. No matter what one might think of defendant's unwillingness to face up to the consequence of his crime, and the argument that he should not be allowed to benefit from his own wrongdoing, justice will not be served by drafting such an exception to a clearly stated rule.
There can be no final judgment until the court imposes sentence. It could not pass sentence in defendant's absence, and had it attempted to do so, the sentence would have been void. R.R. 3:5-4; Manda v. State, 28 N.J. Super. 259, 265 (App. Div. 1953), and cases there cited.
Under R.R. 1:2-8(c) the notice of appeal in criminal cases must contain "the name and address of the appellant, a concise statement of the offense and of the judgment, giving its date and any sentence imposed, the place of *218 confinement, if the defendant is in custody, and the name of the court to which the appeal is taken." Without a sentence, the notice of appeal could not be filled out properly and the appeal would be premature.
Although N.J.S. 2A:159-1 through 4 exclude from the statute of limitations in criminal prosecutions the time during which a defendant is a fugitive from justice, there is no comparable provision in the rules dealing with the time for taking an appeal. In this case the time elapsing between the indictment and the return of the verdict was far greater than between the conviction and sentence. The facts are preserved in the court record with far greater accuracy than in the minds of the prospective witnesses. The situation of the State is no worse than if defendant had fled the jurisdiction before the trial, as actually happened, or had fled from justice in the course of the trial before the jury returned its verdict.
In New Jersey appeal is a constitutional right. 1947 Constitution, Art. VI, Sec. V, pars. 1 and 2. Accordingly, this court will consider and determine the appeal.

II.
The first ground of appeal is that the trial judge abused his discretion in denying defendant's motion for a mistrial under the following circumstances:
The State had called a former assistant prosecutor to prove the genuineness of specimens of defendant's handwriting on two checks, issued in 1937. These were to be used as standards so that a handwriting expert, subsequently called to the stand, might make a comparison with the writing on the checks which were the basis of the indictments for forgery and uttering. Asked whether defendant wrote what appeared on the face of the 1937 checks, the witness answered, "By his admission he did." On cross-examination defense counsel vigorously attacked the witness' recollection going back over so many years, as well as his *219 motive in testifying. On redirect the prosecutor asked if there was any particular reason why the witness was so sure that defendant had admitted the writing on the face of the checks, and the answer was, "His plea of guilty to a charge of forgery." Defense counsel then moved for a mistrial. This was denied. He then moved that the question and answer be stricken. The court so ordered and then, turning to the jury, said:
"Ladies and gentlemen of the jury, at this time what this man may have done in 1937 so far as any prior offenses are concerned, is not to be considered in this case at all. Forget it."
The case then proceeded with the calling of the next witness and there was no further reference to this matter, nor did the defense ask for any further instruction concerning it at the close of the case.
The general rule in this State is that a prosecutor cannot prove a defendant committed other crimes, although of a like nature to that of which he stands charged, for the purpose of showing that he would be likely to commit the crime charged. State v. Ascolese, 59 N.J. Super. 393, 397 (App. Div. 1960). There are a number of exceptions to this rule, however, and evidence of other criminal acts has been held admissible when offered in order to establish identity, opportunity, motive, plan, system, intent or knowledge. State v. Raymond, 53 N.J.L. 260, 264-265 (Sup. Ct. 1891). And see McCormick, Evidence, § 157, p. 326 et seq. (1954). Of course, where a defendant testifies in his own behalf, it is proper for the State to cross-examine him as to any prior conviction for the purpose of attacking credibility. State v. Taylor, 5 N.J. 474, 479 (1950). Defendant did not take the stand.
The State suggests, without pressing the point, that it is "arguable" that the criticized testimony would be admissible on the question of identity. The prosecutor made no attempt to qualify the statement as admissible, and it was promptly *220 stricken at defense counsel's request, with the above-quoted instruction to the jury.
The only question before us is whether the statement, assuming its inadmissibility, was so prejudicial as to require a mistrial. The granting of a motion for a mistrial in a criminal case lies within the sound discretion of the trial judge, and its denial will not be reversed unless there is a clear showing of harm to the defendant, or an abuse of discretion. State v. O'Leary, 25 N.J. 104, 116 (1957). A mistrial should be granted only in extraordinary and striking circumstances in order to prevent a failure of justice. State v. Geiger, 129 N.J.L. 13, 15 (Sup. Ct. 1942).
Defendant relies upon what we said in State v. Samurine, 47 N.J. Super. 172, 181 (App. Div. 1957), reversed on other grounds, 27 N.J. 322 (1958). In that case the State's chief witness twice mentioned defendant's past criminal record. The first time was on direct examination, and defendant's motion for a mistrial was denied. Nonetheless, the witness again mentioned the accused's "criminal past." What happened in Samurine was far more serious. The setting within which the witness made his uncalled-for remarks is entirely distinguishable from the setting in this case. The circumstances surrounding the assistant prosecutor's remark  the way it came into the case  are quite different. As we said in Samurine, the criterion is whether the prejudicial remark, viewed against the entire setting of the case and resolving all doubts in defendant's favor, may possibly have affected the jury's deliberations. 47 N.J. Super., at pages 181-182. We do not find that the assistant prosecutor's answer did.
In view of the overwhelming evidence from which the jury could find that defendant was guilty of the offenses charged in the indictments, it cannot be said that the court abused its discretion in denying the mistrial. Its prompt and direct instruction to the jury to disregard the question and answer effectively removed any prejudice that may have resulted.

*221 III.
Defendant's second ground of appeal is error in the charge. In the course of his instructions to the jury the court had referred to the signature of M.L. Gordon on the two checks in question. At the completion of the charge there was a sidebar discussion and the trial judge then said:
"Ladies and gentlemen of the jury, it has been called to my attention that I charged you that unless you found the defendant wrote the signature M.L. Gordon on the checks, that he should be found not guilty of forgery. It has been called to my attention that there are two signatures on Exhibits S-1 and S-2, one is M.L. Gordon and one of Frank Lynro. You may decipher the signature and recollect the testimony of the name that was given to you concerning that. If you find, as a matter of fact, that this defendant wrote that, that also would be a forgery."
Defendant claims that the last sentence of this portion of the charge eliminated the element of intent from the jury's consideration. We find no merit in the argument.
It is well settled law that instructions should be construed as a whole. An extract is not to be considered in isolation from the entire charge, and error cannot be predicated thereon where the charge as a whole is clear and correct. State v. Kollarik, 22 N.J. 558, 566 (1956), citing State v. Tansimore, 3 N.J. 516, 525 (1950), where it was said that "The charge must be read as a whole in the light of a sensible construction to determine its legal worth."
After the usual preliminary statements as to the role of the jury as sole judge of the facts, and the presumption of innocence which attends a defendant unless the crime charged and each of its elements are proved beyond a reasonable doubt, the court read the two statutes, N.J.S. 2A:109-1 and 2A:111-15, to the jury. Both speak of intent. Intent was also mentioned on a number of occasions throughout the charge: "Intent is essential. Did he intend to do so? * * * As I said, the State must prove beyond a reasonable doubt that the defendant committed this offense *222 with intent to defraud. * * * If the State fails to establish the existence of that intent beyond a reasonable doubt, the defendant is entitled to be acquitted."
Defendant, incidentally, requested the court to charge in language similar to that of which he now complains. His request No. 4 read in part: "In order to find the defendant guilty of forgery as charged, you must be convinced beyond a reasonable doubt that he wrote the words M.L. Gordon on the two checks in question." The trial judge so charged. It will be noted that this instruction appears in the first part of the additional charge in the indented quotation above, and is reflected in the last sentence.
When the trial court's specific references to the intent necessary before defendant could be found guilty are viewed in the context of the charge as a whole, it must be concluded that no error was committed. It was not incumbent on the trial judge to repeat all of the elements necessary to constitute the offenses each time a particular facet of either offense was discussed. State v. Haines, 18 N.J. 550, 564 (1955). The charge, taken as a whole, properly instructed the jury as to the relevant law.
In addition, defendant raised no objection to what is now claimed as error in the charge. He is precluded from doing so here, unless we find plain error  i.e., a denial of substantial justice. We find none.
Affirmed.