**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Lee JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 20, 2000.

Filed Dec. 20, 2000.

Barnaby Wittels, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before KELLY, LALLY–GREEN and HESTER, JJ.

HESTER, J.:

¶ 1 We are presented with the issue of whether a defendant is entitled to a new trial due to the fact the trial transcript is unavailable when that unavailability is a

direct result of the fact that the defendant was a fugitive from justice for ten years. We conclude that since a defendant cannot benefit in any manner from his own decision to flee from justice, no relief is due.

¶ 2 On November 17, 1987, a jury found Appellant, Lee Johnson, guilty of robbery, conspiracy, and burglary in connection with a March 9, 1987 incident. His complaint indicates:

> Defendant, acting in concert with another person, did take the property of Basil Brown by threatening him with and/or intentionally putting him in fear of immediate serious bodily injury, to wit: Defendant and co-defendant approached complainant on the highway, 5037 Florence Ave; co-offender displayed shotgun; both actors forced complainant to enter his residence, 5037 Florence Avenue with them; complainant was struck in the head with the shotgun; the telephone was ripped from the wall; complainant was tied-up; both actors took United States currency and household property (value in excess of $2,000.00) and left.

Criminal Complaint, 3/24/87, at 1. Following his March 28, 1987 arrest, Appellant was released on bail. Appellant admits that while he initially attended trial, he stopped attending it. He was convicted *in absentia*. Post-verdict motions were filed. The motions were not ruled upon due to Appellant's fugitive status. Sentencing was deferred. Appellant remained a fugitive for ten years; he was not apprehended until 1997.

¶ 3 The judge who presided over Appellant's trial had retired, and on December 23, 1997, another judge sentenced Appellant to five to twenty years imprisonment. Appellant appealed to this Court but then filed a petition for remand due to the fact that he could not locate the notes of testimony from his trial. On August 17, 1998, we denied remand but allowed Appellant to proceed pursuant to Pa.R.A .P.1923 in order to create an equivalent picture of his trial proceedings.

¶ 4 Appellant filed a statement of evidence:

> Appellant, Lee Johnson, was on trial on the charges of Robbery, Burglary and Conspiracy (Information Nos. 578, 582, 583, April Term, 1987) before the Honorable Francis A. Biunno and a jury, on November 15, 1987. Said trial had already been in progress. After court that evening, the Appellant was injured as a result of a gas heater explosion at his mother's home. The next morning (November 16, 1987), the Appellant went to Court with his mother (Ruth Johnson) and his sister (Betty Johnson). Appellant's counsel, (Jean Purnell, Esquire, of the Philadelphia Defender Association) made the court aware of Appellant's condition whereupon the Court excused the appellant to go and receive medical attention. The trial was recessed at that time. Appellant went to the hospital and received medical attention. Appellant called the courtroom (room 633, City Hall) several times the next day (November 17, 1987) to inquire as to what to do and was informed that the case was over.

Statement of Evidence, 4/29/99, at 1.

¶ 5 The Commonwealth also filed a statement indicating the following. The judge who presided over Appellant's trial is retired. The Commonwealth attempted to locate the notes of testimony from the trial by contacting the court administrator. The Commonwealth was told that the tapes from the trial judge's stenographer for the years 1987 through 1989 had been lost during the ten-year period Appellant was a fugitive and were unavailable. The Commonwealth also noted that Appellant had provided no documentary evidence regarding his purported injury, observing that his contention that he had been treated at the hospital was belied by the fact that present counsel had admitted at sentencing that no hospital records could be located to sustain Appellant's contention that he had been treated in the hospital.

N.T. Sentencing, 12/23/97, at 3. Indeed, a notation in the record indicates that Appellant sustained a burn to his hand from lighting a gas heater. Finally, the Commonwealth observed that at the sentencing hearing, Appellant's sister had admitted that Appellant had "been on the run from his conviction" for ten years. *Id.* at 7.

¶ 6 After the statements were filed, the trial court filed an opinion indicating that it would conduct no further proceedings. We issued a briefing schedule, and Appellant then asked us for a stay of that schedule and for another remand to the trial court for further proceedings under Pa. R.A.P.1923. We granted that request, ordered the conduct of a hearing under that rule, and for the record to be certified to us again.

¶ 7 At the hearing held on October 13, 1999, Appellant called no witnesses and presented no evidence. The trial court made a factual finding that Appellant had voluntarily absented himself from the jurisdiction and concluded that he was properly tried *in absentia* and had waived his right to file an appeal from the jury's verdict. The court also specifically noted that Appellant had been given the opportunity to supply it with evidence of medical treatment but had failed to provide that evidence. The matter now is ready for resolution.

¶ 8 We categorically reject Appellant's first contention, which is that the trial court abused its discretion in concluding that he willfully absented himself from the jurisdiction of the court. Initially, we observe that it is *Appellant's* burden to establish that his absence was *with cause;* it is not the Commonwealth's burden to establish that Appellant did not have a good reason for failing to appear. *See Commonwealth v. Bond,* 693 A.2d 220, 224 n. 5 (1997) ("It is appellant's burden to establish that his absence was 'with cause.' ") (citing *Commonwealth v. Doleno,* 406 Pa.Super. 286, 594 A.2d 341 (1991)).

¶ 9 Furthermore, contrary to Appellant's assertion, the court's finding that Appellant knowingly fled the court's jurisdiction is amply supported in the record. First, there is the record admission of Appellant's sister that Appellant was fleeing from his conviction during that ten-year absence. Next, there is the notation in the record that Appellant's November 12, 1987 injury consisted of a burn on the *hand,* not an injury that would keep one from attending trial, and meanwhile, Appellant provided no support for his assertion that he was hospitalized. Finally, no one from the court system would tell Appellant that he was excused from further court appearances after a trial where he was convicted of robbery, conspiracy, and burglary.

¶ 10 Even without this record support, we would affirm the trial court's finding based simply on the fact that Appellant was present when trial began and then later failed to appear. The docket entries indicate that on November 10, 1987, jury selection was complete and that testimony was to begin on November 12, 1987. November 11th was a holiday. Another docket entry reads that on November 12, 1987, "defendant had accident lighting gas heater (burned his hand)." The docket entry for November 13, 1987, indicates that Appellant pled not guilty. It was not until November 16, 1987, that a bench warrant was issued for his arrest. Thus, the record supports the inference that Appellant appeared in court *after* his injuries.

¶ 11 In *Commonwealth v. Wilson,* 551 Pa. 593, 600, 712 A.2d 735, 738 (1998), our Supreme Court stated, "When . . . the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause." *See also Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993). Appellant was present when trial began. He failed to appear and also failed to explain to the court or to his lawyer why he failed to appear. A burn on the hand does not

prevent trial attendance. Based on these facts alone, we are permitted to find that he was absent without cause. Furthermore, the fact that he fled after trial began, and he initially was present, allows us to presume that he knew trial could be conducted while he was absent from the court's jurisdiction. *Wilson, supra.* Where the accused is present at the time trial starts and then fails to attend, we also will assume that he knowingly and voluntarily has waived his right to be present at his trial, and the trial court has full authority to continue with that trial. *Id.; see also Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).

■ ¶ 12 Appellant next contends that the trial court erred in concluding that he had waived his post-trial and appellate rights. The law is clear that:

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. *If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied.* If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. *In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file;* if it has not, he may.

*Commonwealth v. Deemer,* 550 Pa. 290, 295–96, 705 A.2d 827, 829 (1997).

¶ 13 In the present case, Appellant's post-trial motions did not have to be considered because he was a fugitive when they were filed. Appellant was sentenced after he was found in 1997, and he has filed a timely appeal to this Court, which has taken jurisdiction. Thus, he has not been denied "appellate rights" *per se.* The true problem is, of course, that he cannot raise any contentions relating to the conduct of trial due to the absence of the trial transcript.

■ ¶ 14 As to this issue, Appellant argues that the absence of the transcript precludes meaningful review and requires the grant of a new trial. He also observes that an equivalent picture of the trial cannot be recreated under Pa.R.A.P. 1123. He states:

> In this case compliance with Rule 1123 was not possible. Appellant was not in attendance at his trial so he has nothing to recollect and no memory to draw upon. Trial counsel is dead. While still alive, trial counsel advised that she had no recollection of the case and advised that her memory might be jogged if she could review the transcript. There is no transcript. The trial judge has not been sitting for some years.

Appellant's brief at 10.

¶ 15 From Appellant's argument, it is apparent that an equivalent picture of Appellant's trial cannot be re-created under Pa.R.A.P. 1123 solely due to Appellant's ten-year absence. During this lengthy period, memories faded and people became unavailable. Furthermore, we conclude that the fact that Appellant fled in the first instance resulted in the loss of the 1987 transcript. If Appellant had requested a transcript in 1987, after the conclusion of the trial, it would have been available.

¶ 16 The question presented is whether Appellant should reap the benefit of this absence by obtaining a new trial due to the transcript's absence. We conclude that he cannot. We find instructive language of the United States Supreme Court in *Diaz*

*v. United States*, 223 U.S. 442, 457–458, 32 S.Ct. 250, 56 L.Ed. 500 (1912) (emphasis added) (quoting *Falk v. United States*, 15 App.D.C. 446 (1899)):

> It does not seem ... to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. ...
>
> The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. *Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong.* And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.

In that case, the court held that an absconding defendant may be tried *in absentia* without offending the United States Constitution. *See also Commonwealth v. Deemer, supra*, 550 Pa. at 296, 705 A.2d at 829. ("[A] returned fugitive should not benefit from his fugitive status.").

¶ 17 Herein, Appellant's trial transcript would have been available in 1987 if he stayed and ordered it when trial was completed. An equivalent picture of his trial cannot be recreated due to events that transpired during Appellant's fugitive status. As Appellant will not be permitted to benefit from fleeing from justice, he cannot obtain a new trial due to the absence of the trial transcript.

¶ 18 In seeking relief, Appellant relies upon cases that hold that a defendant has a constitutional right to a transcript for purposes of appellate review and is entitled to a new trial if the transcript is not available. *See, e.g., Commonwealth v. DeSimone*, 447 Pa. 380, 290 A.2d 93 (1972); *Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). However, those cases are not applicable herein since they do not concern transcripts that are missing due to circumstances *caused by the defendant.*

¶ 19 For example, in *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973), it was determined, years after trial, that the defendant had not knowingly waived his appellate rights, but the transcript of trial could not be found. In that case, trial counsel had requested the transcript, which never was completed, the stenographer died, and other stenographers were not able to transcribe notes. The court ordered a new trial due to the absence of the transcript. However, we find particularly pertinent the fact that our Supreme Court stated, "If a meaningful appellate review is impossible [due to the absence of a trial transcript], for whatever reason, and *the appellant is not at fault*, he is entitled to a new trial." *Id.*, 452 Pa. at 25, 304 A.2d at 480 (emphasis in *original* ). In this case, it is Appellant's actions that resulted in this situation. A new trial is not warranted.

¶ 20 Judgment of sentence affirmed.